[Civ. No. 64347. Second Dist., Div. Two. Feb. 16, 1982.]

ROBERT D. ZUMWALT, as County Clerk, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
PENTHOUSE INTERNATIONAL, LTD. et al., Real Parties in
Interest.

**COUNSEL**

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Nathan C. Northup, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker and Grutman & Miller for Real Parties in Interest.

**OPINION**

**THE COURT.\***—In July of 1976, the San Diego County Grand Jury concluded an investigation into organized crime in that county. No indictments or accusations were returned.

On July 8, 1976, the Presiding Judge of the Superior Court for San Diego County ordered the transcript of the grand jury proceedings sealed for a period of five years and then destroyed.

On October 6, 1981, a date after the expiration of the five-year period, defendants in a libel action being tried in the Superior Court for Los Angeles County caused a subpena duces tecum to be served on the County Clerk of San Diego County demanding that he produce the sealed transcript of the grand jury proceedings of 1976. When the county clerk refused to produce the material, which for some reason had not been destroyed, the Superior Court for the County of Los Angeles issued an order to show cause re contempt.

Following a hearing on the order to show cause, the Superior Court for the County of Los Angeles ordered the County Clerk of San

---

\*Before Roth, P. J., Compton, J., and Beach, J.

Diego County to produce the material for examination by the Superior Court for Los Angeles County, an order which directly conflicted with and attempts to vacate a final order of another court of equal dignity —a final order which has by its term eliminated the legal existence of the material involved even though the final order has not been physically executed.

We issued our peremptory writ of mandate to vacate the order of the Los Angeles Superior Court for the reason that we believe it to be without authority and a threat to the integrity of the grand jury system.

We have now been ordered by the Supreme Court of the State of California to recall and vacate our peremptory writ. We respectfully suggest that *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107 [130 Cal.Rptr. 257, 550 P.2d 161], cited by the Supreme Court as authority for its order, does not itself authorize the nullification of the writ heretofore issued by this court.

However, consistently with *Shepherd*, it may be that the Supreme Court is satisfied that the superior court will, in its *in camera* inspection, issue an appropriate order based upon all the factors involved. Whether the Supreme Court cites authority for its order or does not, it is the duty of this court to comply, and we now order that the peremptory writ issued be recalled and vacated. The petition is denied.